Argued and submitted September 24, reversed and remanded for reconsideration
December 17, 1997

In the Matter of the Compensation of
Donna Goodman-Herron, Claimant.
Donna GOODMAN-HERRON,
*Petitioner,*

*v.*

SAIF CORPORATION
and Advanced Navigation & Positioning Corporation,
*Respondents.*

(94-09926; CA A95833)

950 P2d 932

Judy Danelle Snyder argued the cause for petitioner. With her on the brief were Daniel Snyder and Hoevet & Snyder, P.C.

David L. Runner argued the cause and filed the brief for respondents.

Nancy F. A. Chapman filed the brief *amicus curiae* for the Oregon Trial Lawyers Association.

Before De Muniz, Presiding Judge, and Deits, Chief Judge,* and Haselton, Judge.

_____

* Deits, C. J., *vice* Richardson, S. J.

DE MUNIZ, P. J.

**DE MUNIZ, P. J.**

Claimant seeks review of an order of the Workers' Compensation Board (Board) denying her claim for psychological injuries resulting from a sexual assault and subsequent sexual harassment by a coemployee. The Board held that claimant's injuries did not "arise out of" her employment. We review for errors of law and substantial evidence, ORS 656.298(6); ORS 183.482(7) and (8), and reverse and remand.[1]

In January 1994, claimant began working for employer, with Hirsch acting as her supervisor. In March 1994, Hirsch, claimant and other coworkers traveled to Quantico, Virginia, to meet with customers. Claimant's hotel room contained a computer, printer, paper and other materials used during meetings with customers. In the evenings, Hirsch and claimant would return to claimant's room and prepare presentations for the following day.

On March 8, 1994, following a business dinner, Hirsch and claimant returned to claimant's hotel room to prepare for meetings the next day. After finishing her work, claimant took some pain medication for her neck, later falling asleep while watching television. During this time, Hirsch continued to work in claimant's room. Later, claimant awoke to find Hirsch sexually assaulting her. Afterward, Hirsch convinced claimant that she would lose her job if she reported the incident. Claimant did not immediately contact the police or inform employer.

Claimant continued to work for employer, hoping to put the incident behind her. However, after returning from Virginia, Hirsch continually subjected claimant to sexual harassment, including unwanted physical touching. Claimant became increasingly despondent over the situation and,

---

[1] SAIF argues that remand is not appropriate because claimant did not request one. However, we note that, in fact, claimant did identify remand as an appropriate remedy. Moreover, our statutory authority to review administrative orders includes the power to "affirm, reverse or remand the order." ORS 183.484(8)(a). Because claimant sought review and prevailed, we can remand with or without a specific request to do so.

in April 1994, she reported the Quantico incident to two coworkers.

Shortly thereafter, employer's upper management learned of the incident. In response, employer assigned claimant a new supervisor and changed the location of her desk, moving it away from Hirsch. However, Hirsch continued to walk by claimant's desk on a daily basis. Claimant felt that this arrangement was unsatisfactory and voiced her concerns to employer. Employer's executive vice president suggested that she quit if the changes were not acceptable.

On June 16, 1994, claimant felt unable to go to work and met with a psychiatrist the same day. The psychiatrist found that claimant was having recurrent and distressing recollections of the sexual assault and harassment, including vivid nightmares of the events. The psychiatrist diagnosed claimant as suffering from Major Unipolar Depression, Single Episode, with some symptoms of Post-Traumatic Stress Syndrome (PTSS).

Claimant sought compensation benefits for her psychological injuries. SAIF (employer's insurer) denied her claim and she requested a hearing. The administrative law judge (ALJ) found that the sexual assault and subsequent sexual harassment had occurred and that claimant had suffered compensable psychological injuries as a result. Nonetheless, relying on *Carr v. US West*, 98 Or App 30, 779 P2d 154, *rev den* 308 Or 608 (1989), the ALJ held that the claim was not compensable because claimant's injuries did not "arise out of claimant's employment." The Board affirmed that denial, supplementing the ALJ's order with two specific additional holdings, both based on *Carr*. The Board held that *Carr* "is binding precedent in our forum[;]" and, that, without deciding "whether claimant's [traveling employee] argument was timely raised," claimant would not prevail under the traveling employee rule because claimant did not distinguish her case from *Carr* and, thus, did not prove that her injury "arose out of" the employment.

Claimant argues that the Board erred "when it concluded * * * that claimant's injuries were not incurred in the course of her employment or did not arise out of her employment[.]" Claimant further contends that the traveling

employee rule supports a finding that her injuries arose out of her employment and that the Board erred by relying on *Carr*. We address only claimant's last argument because, for the reasons that follow, it is dispositive.

Claimant argues that *Carr* does not apply because it "was an evidentiary case[,]" and, as such, can be factually distinguished from the present one. We disagree with claimant's reasoning because the court in *Carr* analyzed similar facts and addressed the same legal issue regarding causation as is presented here. However, we conclude that the recent opinion of the Oregon Supreme Court in *Redman Industries, Inc. v. Lang*, 326 Or 32, 943 P2d 208 (1997), rejected the approach that we had followed in *Carr*.

In *Carr*, an employee was sexually harassed, assaulted and eventually raped by her supervisor while he accompanied the employee on outside sales calls. *Carr*, 98 Or App at 32. Later, the supervisor continued to harass her sexually in the office. *Id*. This court held that the employee's injuries were not covered by Oregon's workers' compensation law because there was no evidence that the assaults were provoked by anything related to the work and because there was no evidence that the nature of the job or the job environment created or enhanced the risk of assault. *Id*. at 35.

In our opinion in *Redman Industries, Inc. v. Lang*, 142 Or App 404, 406, 921 P2d 992 (1996), we explained:

"Claimant, a Caucasian male, worked at employer's plant with [assailant], an African-American, male coworker. Claimant installed windows on manufactured homes, and [assailant] installed doors. On August 3 or 4, 1994, claimant jokingly called [assailant] a 'watermelon,' which angered [assailant]. On August 4, referring to that or a similar remark, [assailant] told claimant 'don't be playing with me like that.' The next morning, claimant referred to [assailant] as 'watermelon' and, less than an hour later, as 'buckwheat,' 'Kentucky Fried Chicken,' and 'watermelon eatin' fool.' Although [assailant] knew claimant was trying to joke with him, [assailant] became angry and called claimant 'cracker' and another name, possibly 'honkey.'

"[Assailant] remained very upset by claimant's remarks. Within a few minutes, another worker called

[assailant] a Spanish name that [assailant] believed was a racial slur. [Assailant] struck that worker. Moments later [assailant] saw claimant talking with an inspector. Assuming he would lose his job for striking the other employee, [assailant] struck claimant at least twice. [Assailant] asked claimant, 'Who's a Toby now?' "

In our *Redman* decision, we relied in significant part on *Carr*, using the same "created or enhanced" analysis that we had applied there. We held that the claimant's injuries were not compensable because his injuries did not "arise out of" his employment. 142 Or App at 408-10. We noted specifically that, "as in *Carr*, * * * there was nothing about the nature of claimant's job as a window-installer that 'created or enhanced' the risk of assault by a coworker. Furthermore, * * * the dispute * * * was not work-related." *Id*. at 408.

On review, the Supreme Court reversed our decision, expressly rejecting the "created or enhanced" test. *Redman*, 326 Or at 36. The court concluded that the test's focus was too narrow, explaining that, "at least in part, [that test] simply reformulate[d] the 'peculiar-risk'/'increased risk' inquiry rejected by this court in [*Phil A. Lively Co. v. Russ*, 296 Or 25, 672 P2d 337 (1983)] and [*Fred Meyer, Inc. v. Hayes*, 325 Or 592, 943 P2d 197 (1997).]" *Redman*, 326 Or at 36.

The court held that "[a]n injury arises out of employment if the risk of injury results from the nature of the claimant's work *or from the work environment*." *Id*. at 39 (emphasis supplied). By adding the factor "work environment," the court constructed a test that "does not [necessarily] require that the motivation for a coemployee's assault be an argument over job performance or some other work related factor." *Id*.

The court explained that the "rationale for the 'proximity' test is that a workplace assault by a coemployee is caused by circumstances *associated with the work environment*[,]" 326 Or at 40 (emphasis in original), and, as such, causes injuries that are work related. The court cautioned, however, that the rationale does not apply

"[w]hen the motivation for an assault by a coemployee is an event or circumstance pertaining to the assailant and the

claimant that originated entirely separate from the workplace, and the only contribution made by the workplace is to provide a venue for the assault[.]" *Id*.

Thus, in the absence of evidence showing that the motivation for the assault was personal to the claimant, and accordingly, imported *into* the work environment, "the risk of an assault by a coemployee in the workplace is a risk to which the work environment exposes an employee." *Id*.

In *Redman*, the court ultimately held that the claimant's injuries "arose out of" his employment for two reasons. First, the court held that "there [wa]s no evidence that [the] claimant and his assailant had any relationship outside of work or that the motivation for the assault was fueled by an occurrence involving them outside of work." 326 Or at 41. Second, the court held that the events giving rise to the motivation for the assault (*i.e.*, the assailant's anger over being called a racially derogatory name and his fear of being fired for assaulting another employee moments earlier), although not related directly to work, all *"occurred at the workplace."* *Id*. (emphasis supplied).

We reverse the Board's order and remand to the Board for reconsideration in the light of *Redman*.

Reversed and remanded for reconsideration.